In re PIERSON et al.

(Circuit Court of Appeals, Second Circuit.   November 4, 1916.)

Nos. 4–7.

BANKRUPTCY ⬀140(3)—BROKERS—RIGHTS OF CUSTOMERS.

Where bankrupt brokers have not enough stock in their box and hypothecated to cover all their customers who were long of it on the day of failure, such customers may recover their pro rata shares; the shares of any who make no specific claim going to the general creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 225;  Dec. Dig. ⬀140(3).]

Petitions to Revise Order of the District Court of the United States for the Southern District of New York.

On rehearing.   Former opinion modified, and affirmed.

For former opinion, see 233 Fed. 519, 147 C. C. A. 405.

Bayard L. Peck, of New York City, for petitioner Quinn.

Goldman, Heide & Unger, of New York City, for petitioners Levy, Van Thyn, and Vrieslander.

James Gillin, of New York City, for petitioner Gott.

Stanchfield & Levy, of New York City, for alleged bankrupts.

Before WARD and ROGERS, Circuit Judges, and MAYER, District Judge.

PER CURIAM.   The decision of the Supreme Court in Duel v. Hollins, 241 U. S. 523, 36 Sup. Ct. 615, 60 L. Ed. 1143, requires us to modify our opinion lately handed down, so as to direct that the court below permit the claimants Van Thyn, Vrieslander, Levy, and Quinn to recover their pro rata shares of the respective stocks on hand.   But their shares must be ascertained by including in the calculation the shares of all long customers in the same position, whether they made claim for their shares in the stock on hand or not.   That the shares of those who claim should be increased by the circumstance that other long customers made no claim would be inequitable.   What would otherwise have gone to those customers should go to the general creditors.

Reconsideration does not cause us to change our opinion in other respects, viz. as to the claims of Quinn and Gott.