## In re JOHN W. MOREY & CO.

### McKEE v. HUMMEL.

Circuit Court of Appeals, Seventh Circuit.
November 15, 1927.

No. 3893.

Bankruptcy ⬥140(8)—Proceeds of stock which bankrupt brokers' customer deposited as margin belonged to customer, and not to bankrupt estate.

Bankrupt stockbrokers' customer, whose deposit of stock as margin on stock purchases was wrongfully pledged by bankrupts to secure borrowed money, *held* entitled to recover whole proceeds of his stock sold by pledgee, and such proceeds constituted no part of bankrupts' estate for benefit of general creditors.

Appeal from the District Court of the United States for the Eastern Division of the ·Northern District of Illinois.

In the matter of John W. Morey & Co., bankrupts. From an order for distribution of proceeds of stock claimed by J. Fennel McKee, reclamation petitioner, in possession of Fred E. Hummel, trustee ·in bankruptcy, said petitioner appeals. Reversed and remanded, with direction.

Geo. D. Smith, of Chicago, Ill., for appellant.

Gilbert F. Wagner, of Chicago, Ill., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. To margin stock purchases, to be made for him by bankrupts, appellant deposited with bankrupts ten shares of bank stock. That stock, together with stocks belonging to others, was wrongfully pledged by bankrupts to secure borrowed money. After the filing of the petition in bankruptcy, appellant demanded his stock from bankrupts and the pledgee, but return was refused. The pledgee sold all of the pledged stocks, except appellant's, and thereby satisfied the debt due from bankrupts, except a balance of $258.09. Thereafter, pledgee, on demand of the trustee in bankruptcy, sold appellant's stock for $1,800, deducted the $258.09, plus the expenses of sale, and paid the balance to the trustee.

The parties owed bankrupts nothing. Appellant alone demanded the return of stock, and he alone filed reclamation proceedings therefor. Time for filing claims had long passed before the reclamation hearing, and no one claimed any interest in the proceeds of appellant's stock. The court, treating the matter as though all persons, whose stocks were wrongfully pledged and sold, were before the court asking an equitable distribution of the fund, awarded appellant a pro rata part of the fund, and, although bankrupts contributed nothing to the payment of the debt covered by the pledge, and had no interest in the stocks sold, their estate in bankruptcy was enriched for general creditors by the court ordering about nine-tenths of the proceeds of appellant's stock turned into the general fund.

Possibly the others, whose stocks were wrongfully pledged and sold, as appellant's were, might even now be entitled to contribution from each other; but it is not clear how such a right could inure to the benefit of the estate of the wrongdoers, or to their trustee. In support of the order of the District Court, appellee cites: In re Wilson & Co., 252 F. 631; In re Pierson, 233 F. 519; In re Pierson, 238 F. 142; In re Toole, 274 F. 337, 24 A. L. R. 470; In re Archer, Harvey & Co., 289 F. 267. Other than Wilson & Co. and Archer, Harvey & Co., District Court cases, they are cases of the Circuit Court of Appeals for the Second Circuit, as is also In re T. A. McIntyre & Co. (Appeal of Pippey), 181 F. 955. In the Toole Case, the court reviews many cases theretofore before it and other courts. There is a strong dissenting opinion by Judge Manton. The facts in those cases vary so that we cannot find in them any general principle applicable to the instant case, where the facts are again different, and, in our opinion, it would serve no good purpose to enter upon a discussion of those cases. ·

The Supreme Court has frequently had before it similar questions. See Richardson v. Shaw, 209 U. S. 365, 28 S. Ct. 512, 52 L. Ed. 835, 14 Ann. Cas. 981; Sexton v. Kessler, 225 U. S. 90, 32 S. Ct. 657, 56 L. Ed. 995; Gorman v. Littlefield, 229 U. S. 19, 33 S. Ct. 690, 57 L. Ed. 1047; Duel v. Hollins, 241 U. S. 523, 36 S. Ct. 615, 60 L. Ed. 1143. We find nothing in any of those cases opposed to the conclusions here reached. Each case must depend largely upon the facts in that· case. In the Gorman Case, the court said: "No creditor could justly demand that the estate be augmented by a wrongful conversion of the property of another in this manner or the application to the general estate of property which never rightfully belonged to the bankrupt."

Reversed and remanded, with direction to allow appellant the whole of the proceeds of his stock in the hands of the trustee.